**SO ORDERED.**

1   BRIAN A. PAINO (AZ BN 027091)
    KYLE J. SHELTON (AZ BN 027379)
2   PITE DUNCAN, LLP                       **Dated: May 12, 2010**
    4375 Jutland Drive, Suite 200
3   P.O. Box 17933
    San Diego, CA 92177-0933
4   Telephone: (858) 750-7600
    Facsimile: (619) 590-1385
5   kshelton@piteduncan.com
                                            CHARLES G. CASE, II
6   Attorneys for  DEUTSCHE BANK TRUST COMPA~~~~~~~~~~~~~~~~~OR
                                            U.S. Bankruptcy Judge
7                RALI 2006QS5

8                  **UNITED STATES BANKRUPTCY COURT**

9              **DISTRICT OF ARIZONA - PHOENIX DIVISION**

10  In re                                   Case No. 2:09-bk-13855-CGC

11  JASON RAYMOND NANCE  AND WENDY          Chapter 13
    ELISE NANCE ,
12                                          **ORDER FOR RELIEF**
          Debtor(s).
13

14  DEUTSCHE BANK TRUST COMPANY
    AMERICAS AS TRUSTEE FOR RALI
15  2006QS5 ,

16        Movant,

17      v.

18  JASON RAYMOND NANCE  AND WENDY
    ELISE NANCE , Debtor(s); and EDWARD J.
19  MANEY, Chapter 13 Trustee,

20        Respondents.

21

22        The above-captioned matter came on for hearing on April 28, 2010, in the Courtroom of the

23  Honorable Judge Charles G. Case, II, upon the Motion of Deutsche Bank Trust Company Americas

24  as Trustee for RALI 2006QS5  ("Movant"), for relief from the automatic stay of 11 U.S.C. §362, to

25  enforce its interest in the property of Jason Raymond Nance  and Wendy Elise Nance  ("Debtors")

26  commonly known as 16818 E. Kent Drive, Aurora, Colorado 80013 (the "Real Property"), which is

27  legally described as follows:

28                LOT   15,   BLOCK   3,   MISSION   VIEJO
                  SUBDIVISION, FILING NO. 10, COUNTY OF
                  ARAPAHOE, STATE OF COLORADO;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The automatic stay of 11 United States Code section 362 is hereby immediately terminated as it applies to the enforcement by Movant of all of its rights in the real property under its Note and Deed of Trust;

2.      Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3.      Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

4.      Upon foreclosure, in the event Debtors fail to vacate the Property, Movant may proceed in State Court for forcible detainer pursuant to applicable state law;

5.      Upon entry of this Order, the Chapter 13 Trustee shall cease making any further payments in regard to Movant's claim filed in this bankruptcy case;

6.      Movant may offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors.  However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case;

7.      This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

8.      Counsel for Movant is to serve a copy of this Order immediately upon Debtors, Debtors' counsel, the Trustee, and all other interested parties entitled to Notice of Motion.

DATED this _____ day of _____, 2010.

_____
UNITED STATES BANKRUPTCY JUDGE